UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROBERT & MARGARET WEIDERSPAHN,<br><br>        Plaintiffs,<br><br>    v.<br><br>WING ENTERPRISES, INC., et al.,<br><br>        Defendants. | HONORABLE JOSEPH E. IRENAS<br><br>CIVIL ACTION NO. 09-2441<br>        (JEI /AMD)<br><br>**OPINION** |

**APPEARANCES:**

LACOVARA, GLOESER, LACOVARA & LEVEY
By: Arthur Robert W. Gloeser, Esq.
Williamstown Law Building
1836 Black Horse Pike North
Williamstown, New Jersey 08094
        Counsel for Plaintiffs

DICKIE, MCCAMEY & CHILCOTE
41 South Haddon Ave, Suite 5
Haddonfield, New Jersey 08033
        Counsel for Defendants

**IRENAS**, Senior District Judge:

This product liability personal injury suit arises out of Plaintiff Robert Weiderspahn's fall from a ladder on June 11, 2006. Plaintiff filed the instant suit against Defendant Wing Enterprises, Inc., the manufacturer of the ladder, in the Superior Court of New Jersey, on May 30, 2008. On May 21, 2009, Defendants removed the case to this Court on the basis of diversity of citizenship, 28 U.S.C. § 1332(a). Upon initial review of the Notice of Removal, it appeared to the Court that removal was untimely, and the Court issued an Order to Show Cause why the case

should not be remanded.[1]  For the reasons stated herein, the case will be remanded.

**I.**

The Complaint alleges that as a result of Defendants' negligence,[2] Robert Weiderspahn "sustained severe personal injuries to his body of both a temporary and permanent nature" which, among other things, prevented him from "attend[ing] to his normal duties and occupations," and caused him "great pain, physical disability, and mental anguish."  (Compl. p. 2-4).  Robert Weiderspahn's wife, Plaintiff Margaret Weiderspahn, asserts a loss of consortium claim.  Plaintiffs seek compensatory and punitive damages.  The Complaint does not seek a specific sum of damages.[3]

The Complaint was served on Defendant on June 20, 2008.  According to current defense counsel (who was not defense counsel at the time the Complaint was served[4]), the Complaint on its face

---

[1]  *See* 28 U.S.C. § 1446(c)(4) ("The United States district court in which such notice [of removal] is filed shall examine the notice promptly.  If it appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand.").

[2]  The Complaint's other theories of liability include breach of express and implied warranties, design or manufacturing defects, and failure to warn.

[3]  New Jersey Court Rules forbid pleading a specific sum of damages.  *See* N.J. Ct. R. 4:5-2.

[4]  The documents attached to the Notice of Removal indicate that current defense counsel entered an appearance in this case on November 25, 2008, which was after the initial 30-day window

2

presented insufficient "information to support a belief that the plaintiff was, indeed, alleging an injury of such severity that, even with boilerplate permanency language, the plaintiff had sustained an injury sufficient to permit removal."  (Def. Br. at p. 2)[5]

These assertions notwithstanding, Plaintiffs assert that Defendant was aware of the nature and extent of Robert Weiderspahn's injuries even before the Complaint was filed. Specifically, Plaintiffs assert that on May 14, 2008, Plaintiffs' counsel sent Defendant's insurance carrier a letter "providing detailed medical records" regarding Robert Weiderspahn's injuries, including "neurological injuries."  (Pls' Br. at 1)  Plaintiffs also assert that on June 24, 2008 (four days after Defendant was served with the Complaint), Defendant's "designated representative," Mr. Frank Ward, took a "sworn statement"[6] from Weiderspahn which inquired as to the "nature and extent of [his] injuries, including reference to neurological injuries."  (Id. at 2)

In any event, while the case was still pending in state court, Plaintiffs apparently did not respond to Defendant's discovery

---

for removal under 28 U.S.C. § 1446(b).

[5] The parties are undisputedly citizens of different states.

[6] At oral argument, the parties disputed that the statement was made under oath, however as discussed *infra*, the Court need not resolve this factual dispute.

requests, which led to the dismissal of the suit without prejudice.[7] Indeed, on January 23, 2009, Superior Court Judge Jean McMaster signed an order dismissing the case without prejudice. (Exhibit E to Notice of Removal)  Defendant further attempted to get discovery from Plaintiffs after the order was entered (in accordance with the governing rule), but to no avail.  Thereafter, on April 28, 2009, Defendant moved the state court to dismiss the case with prejudice for Plaintiffs' alleged continued failure to comply with their discovery obligations.  (Exhibit G to the Notice of Removal)  Apparently that motion was not decided when Plaintiffs finally served their interrogatory responses and documents on Defendant on May 8, 2009.  Approximately two weeks later, on the basis of information contained in Plaintiffs' discovery responses that the amount in controversy exceeded $75,000, Defendant removed the case to this Court.  The case was still dismissed without prejudice at the time it was removed.

## II.

The relevant removal statute provides,

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if

---

[7] As discussed *infra* at p. 6-7, New Jersey Court Rules specifically provide for such dismissal.  *See* N.J. Ct. R. 4:23-5(a)(1).

> such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
>
> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

28 U.S.C. § 1446(b).

### III.

Three issues are raised by the Notice of Removal. First, may a Defendant properly remove a case that has been dismissed without prejudice by the state court? Second, in determining when the time for removal begins to run under § 1446(b), is the Court limited to the face of the initial pleading when it was served, or may the Court also consider a defendant's actual knowledge independent of the facts alleged in the initial pleading? Third, does the Complaint allege facts sufficiently demonstrating that the amount in controversy exceeds $75,000, thereby making the case removable when the Complaint was served? The Court addresses each question in turn.

### A.

As already noted, this case was dismissed without prejudice

by the state court before Defendant removed it.  Such a dismissal is governed by New Jersey Court Rule 4:23-5, entitled "Failure to Make Discovery."  The rule states, in relevant part,

> (a) Dismissal.
>
> (1) Without Prejudice. If a demand for discovery. . . . is not complied with and no timely motion for an extension or a protective order has been made, the party entitled to discovery may,. . . move, on notice, for an order dismissing or suppressing the pleading of the delinquent party. . . . Unless good cause for other relief is shown, the court shall enter an order of dismissal or suppression without prejudice. . . . The delinquent party may move on notice for vacation of the dismissal or suppression order at any time before the entry of an order of dismissal or suppression with prejudice. . . .
>
> (2) With Prejudice. If an order of dismissal or suppression without prejudice has been entered pursuant to paragraph (a)(1) of this rule and not thereafter vacated, the party entitled to the discovery may, after the expiration of 60 days from the date of the order, move on notice for an order of dismissal or suppression with prejudice. . . . The motion to dismiss or suppress with prejudice shall be granted unless a motion to vacate the previously entered order of dismissal or suppression without prejudice has been filed by the delinquent party and either the demanded and fully responsive discovery has been provided or exceptional circumstances are demonstrated.

N.J. Ct. R. 4:23-5(a)(1)-(2).

Defendant has provided the Court no authority supporting its right to remove a case that has been dismissed without prejudice pursuant to the New Jersey Court Rule.  Moreover, the Court's own research has not yielded a clear answer as to the status of a case that has been dismissed without prejudice for failure to comply with discovery obligations.  *Kwiatkowski v. Gruber*, 390 N.J. Super. 235, 237 (App. Div. 2007), holds that a dismissal without prejudice

is not a final order for appeal purposes, but that opinion also notes that a complaint dismissed pursuant to Rule 4:23-5(a)(1) can only be "reinstated" upon application to the court.

The Court might remand on the general policy that the removal statute should be strictly construed against removal.[8] However, because the case should be remanded on independent grounds, *see* Section III. C. *infra*, the Court need not decide this issue.

**B.**

Even if the Court accepts as true Plaintiffs' representations that Defendant had knowledge of facts regarding the alleged extent of Robert Weiderspahn's injuries independent of the facts alleged in the Complaint[9], Defendant's knowledge is irrelevant in determining when the time for removal begins to run. Section 1446(b) speaks of the thirty days for removal running from receipt of a "pleading, motion, order, or other paper" indicating that the case is removable. The Third Circuit has interpreted this language narrowly, excluding from its coverage facts a defendant knew from oral communications, and even written letters. *See Foster v. The Mutual Fire, Marine & Inland Ins. Co.*, 986 F.2d 48, 53 (3d Cir.

---

[8] *See Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 108-09 (1941).

[9] The parties dispute exactly what facts were known and what conclusions should have been drawn from those facts, however, the Court need not resolve the disputes in light of the Court's resolution of the legal issue.

7

1993).[10]  *Foster* interprets "other paper" as "court-related documents" or "something of the type filed with the court."  986 F.2d at 53-54.

Here, Plaintiffs assert that Defendant knew the nature and extent of Robert Weiderspahn's injuries through informal pre-suit correspondence and a sworn statement taken by Defendant's insurance carrier shortly after Defendant was served with the Complaint. Neither of these items fit into the categories of "pleading, motion, order, or other paper," as interpreted in *Foster*, therefore, the time to remove did not begin to run upon Defendant's receipt of this information.[11]

Thus, the time for removal either began to run upon service of the Complaint on Defendant (and removal was untimely), or upon Defendant's receipt of Plaintiff's interrogatory answers and documents produced in discovery (and removal was timely).  The Court now turns to this dispositive issue.

### C.

Importantly, the parties do not dispute that the amount in controversy actually exceeds $75,000.  The question is only whether

---

[10] Overruled on other grounds by *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344 (1999).

[11] Additionally, the pre-suit communications could not have triggered the time for removal because the earliest possible triggering event under these facts is service of the Complaint. *See Murphy Bros.,* 526 U.S. at 354.

8

such a conclusion could be drawn from the face of the Complaint when it was served on Defendant, thus triggering the thirty-day period for filing a Notice of Removal.

While *Foster* (a Pennsylvania case) states that a complaint filed in state court must allege all the elements of federal jurisdiction with a "substantial degree of specificity" in order to trigger the thirty-day removal period, 986 F.2d at 53, New Jersey district courts are without further guidance on this issue.[12] Within the district, two different approaches have emerged.  In *Entrekin v. Fisher Scientific, Inc.*, Judge Cooper adopted the reasoning Judge Rodriguez articulated in an earlier case:

> 'Where the plaintiff does not or cannot plead damages in a specific dollar amount but wishes the thirty-day period [for removal] to run from the defendant's receipt of the initial pleading, the plaintiff must place in the initial pleading *a specific allegation that damages exceed the minimum federal jurisdictional amount*.'

146 F. Supp. 2d 594, 607 (D.N.J. 2001) (quoting *Vartanian v. Terzian*, 960 F. Supp. 58, 61-62 (D.N.J. 1997) (Rodriguez, D.J.)) (emphasis added by this Court).  Thus, Judges Cooper and Rodriguez would remand any case where specific damages were not pleaded if the complaint did not allege that "damages exceed the federal jurisdictional limit found in 28 U.S.C. § 1332(a)," or something very similar.

---

[12] The lack of authority on this issue is not surprising given that orders remanding on the basis of untimely removal are not subject to appellate review.  *See* 38 U.S.C. § 1447(d); *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 711 (1996).

However, another judge within the district has taken a different approach. In several cases, Judge Lechner adopted a rule whereby, "allegations of severe injuries along with pain and suffering will alert [the] defendant that an amount in excess of [the jurisdictional amount] is at issue and trigger the running of the thirty-day removal period." *Carroll v. United Air Lines*, 7 F. Supp. 2d 516, 521 (D.N.J. 1998) (Lechner, Jr., D.J.) (internal citation and quotation omitted).[13] Indeed, in a case similar to this, Judge Lechner applied his standard to conclude that the complaint pled sufficient facts to trigger the thirty-day removal period. *See Teajman v. Frigoletti*, No. 96-4779, 1997 U.S. Dist. 23847 at *3.[14]

Here, the Complaint itself reads in pertinent part:

> Robert Weiderspahn, sustained severe personal injuries to his body of both a temporary and permanent nature. That as a result of these injuries he has suffered and will continue to suffer in the future, great pain physical disability and mental anguish. The plaintiff, Robert

---

[13] *See also*, *Garofalo v. Medtronic Inc.*, No. 97-1655, WL 1049566 at *4 (D.N.J. June 17, 1997) (holding that serious personal injuries causing serious disfigurement, permanent loss, and permanent bodily limitation were sufficient to infer an amount in controversy at least equal to the jurisdictional minimum); *Teajman v. Frigoletti*, No. 96-4779, 1997 WL 1067639 at *2 (D.N.J. Feb. 11, 1997) (finding that despite no dollar amount stated in the complaint, allegations of "sustained severe and serious personal injuries, both of a temporary and permanent nature" were sufficient to trigger the removal period).

[14] Judge Ackerman has also discussed the differing approaches of Judges Rodriguez and Cooper on one hand, and Judge Lechner on the other, but did not rule on the issue. *See Buchanan v. Lott*, 255 F. Supp. 2d 326, 328-30 (D.N.J. 2003).

10

> Weiderspahn, has also been and will continue to be in the future unable to attend to his normal duties and occupations.

(Compl. at p. 2) Additionally, the Complaint alleges, "Margaret Widerspahn, has also been and will continue to be in the future deprived of the services, love, affection and consortium of her husband, the plaintiff, Robert Wiederspahn." (Id. at p. 6) These allegations were sufficient to trigger Defendant's thirty-day period for filing a Notice of Removal. The time for removal therefore expired thirty days from June 20, 2008, and Defendant's removal of this case was untimely.

**IV.**

For the foregoing reasons, the Court concludes that this case was untimely removed. An appropriate Order remanding the case to the Superior Court of New Jersey accompanies this Opinion.


July 10, 2009                                s/ Joseph E. Irenas
                                             JOSEPH E. IRENAS, S.U.S.D.J.

11